■ In the Matter of WAYNE R. CROSS, Appellant, v PAULETTE A. CROSS, Respondent.—Mahoney, P. J. Appeal from an order

of the Family Court of Schenectady County (Reilly, Jr., J.), entered July 9, 1986, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify his maintenance payment to respondent.

The parties were divorced in August 1984 by virtue of a decree which provided that petitioner was to pay $90 per week child support and $70 per week maintenance for respondent. In February 1986, petitioner commenced this proceeding seeking a downward modification in both child support and maintenance based on changed financial circumstances. Subsequently, petitioner withdrew his request to reduce the child support payment and limited the proceeding to the issue of maintenance. Family Court granted the application only to the extent of suspending the payment of $25 per week for a period of one year, after which time the prior order would be continued and the suspended payments would have to be paid as arrearages. Petitioner appeals.

The record indicates that petitioner was a carpenter at the time of the divorce. He earned $28,000 in 1984 and $34,000 in 1985. However, the employment was seasonal and not secure. Therefore, after being laid off in January 1986, he took a salaried position with a corporation which paid an annual salary of $23,400. Petitioner testified that he took the salaried position because, although it caused an initial reduction in pay, it offered more stable employment. Family Court expressly found that petitioner's job change was reasonable and that he was entitled to some relief. It is also clear from the record that respondent's financial situation has markedly improved. At the time of the divorce, she was apparently unemployed. However, respondent obtained a job and earned over $13,000 in 1985 and currently earns a salary which projects to almost $18,000 annually. Both parties allege that their expenses exceed their means.

Factors to be considered in making an award of maintenance include, *inter alia,* the income and property of the parties, the earning capacity of the parties and the ability of the party seeking maintenance to become self-supporting (Domestic Relations Law § 236 [B] [6] [a]). Here, respondent has found full-time employment. In contrast, petitioner's income has been significantly reduced as a result of a job change which Family Court found to be reasonable. In light of these changed circumstances, it was inappropriate for Family Court to, in essence, merely defer the payment of $25 per week for a period of one year. In our view, the award of maintenance

should be reduced to $25 per week, effective upon service of the order to be entered hereon with notice of entry.

Finally, we reject petitioner's request that this downward modification be made retroactive. Until this time, petitioner has been obligated, by court orders, to pay maintenance of $70 per week. To the extent that petitioner has failed to comply with such orders, he is in arrears. Petitioner has offered no special circumstances to demonstrate that this decision should not be prospective only. We note that the payments suspended pursuant to the order appealed from will become due on July 3, 1987. Further, this decision does not affect the arrearage provisions in the order appealed from.

Order modified, on the facts, without costs, by reversing so much thereof as modified the support judgment by continuing the maintenance at $70 per week with $25 per week deferred until July 3, 1987; support judgment modified by reducing maintenance to $25 per week; and, as so modified, affirmed. Mahoney, P. J., Kane, Main, Weiss and Levine, JJ., concur.